Lobiato v. Chase Bank

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York , the 16th day of July, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             SUSAN L. CARNEY,
                   *Circuit Judges,*
             EDWARD R. KORMAN,[*]
                   *District Judge.*

_____

JOSEPH LOBAITO,

                   *Plaintiff-Appellant*,

             v.                                          12-3492-cv

CHASE BANK,

                   *Defendant-Appellee*.

_____

Appearing for Appellant:     Joseph Lobaito, *pro se*, Staten Island, NY

Appearing for Appellee:      Patrick John Lamparello, III, Proskauer Rose LLP, New York, NY

       Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

_____

       [*]Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Joseph Lobaito, *pro se*, appeals from the district court's judgment dismissing his complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The gravamen of Lobaito's complaint was that he was subject to an unfair Financial Industry Regulatory Authority ("FINRA") arbitration following his wrongful termination from Chase Bank ("Chase"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's Rule 12(b)(6) dismissal of a complaint *de novo*. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Notably, in *Twombly*, unlike the present case, the plaintiff was represented by counsel. Even after *Iqbal* and *Twombly,* we remain obligated to construe *pro se* complaints liberally. *See Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009). Thus, while *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, we read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam). In addition, district courts generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend, unless amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Preliminarily, we note that to the extent Lobaito argued below that Chase's motion to dismiss was untimely, he has abandoned this claim by not raising it on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (deeming claims not raised on appeal by *pro se* litigant to be abandoned).

As an additional preliminary matter, we must determine whether the district court properly considered the additional exhibits submitted by Chase without converting the motion to one for summary judgment. Given that Lobaito knew about and relied on the contents of the additional documents submitted by Chase, such as his Form U5 termination notice and his amended FINRA statement of claim, the district court did not err in failing to convert the motion to dismiss into a motion for summary judgment, as the materials considered were incorporated by reference into the complaint or otherwise integral thereto. *See Rothman v. Gregor*, 220 F.3d 81, 88-89 (2d Cir. 2000) (noting that the complaint includes "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference" and that documents "plaintiffs either possessed or knew about and upon which they relied in bringing the suit" may be incorporated); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d

2

Cir. 2002) (noting that, where a complaint relies heavily upon the "terms and effect" of a document, the document is rendered "integral" to the complaint)(internal quotation marks omitted).

Res judicata "serves to bar certain claims in federal court based on the binding effect of past determinations in arbitral proceedings." *Pike v. Freeman*, 266 F.3d 78, 90 (2d Cir. 2001). To demonstrate a claim is precluded by res judicata, "a party must show that: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same] parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id.* at 91 (internal quotation marks and alterations omitted).

To the extent that Lobaito sought to re-litigate the causes of action set forth in his FINRA statement of claim, the district court properly held that the complaint was barred by res judicata. The district court correctly held that the FINRA arbitration panel's decision constituted a judgment on the merits, as the arbitration award stated that it was a "full and final resolution of the issues submitted for determination" and that Lobaito's claims were "denied in their entirety." Both the FINRA arbitration and the instant case included the same parties – Chase and Lobaito. Both the FINRA arbitration and the complaint involved the same causes of action, to the extent that Lobaito alleged in both that he was terminated for no reason, that Chase falsely stated that he was terminated for "job performance" and ruined his future in the financial industry, and that he was owed commissions. We find no error.

To the extent that Lobaito's complaint could be construed as a motion to vacate the arbitration award, the district court properly found the complaint time barred. *See* 9 U.S.C. § 12. The district court did not err in declining to grant Lobaito leave to amend, as the defects in his complaint were substantive, and leave to amend would have been futile. *See Cuoco*, 222 F.3d at 112. Finally, to the extent that Lobaito, for the first time on appeal, attempts to argue that Chase and FINRA violated labor laws by stating that he was terminated for "job performance," we decline to consider the argument. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976).

Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3